# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 725 |
| | ) | |
| MICHAEL PARTEE | ) | Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Defendant, Michael Partee, was charged in a two-count indictment with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and distribution of a controlled substance in excess of five grams of substances and mixtures containing cocaine base, commonly known as crack cocaine, 21 U.S.C. § 841(a)(1). The parties waived the right to a jury trial, and a bench trial was commenced. On September 7, 2005, Partee was convicted of both counts, 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). Presently before the Court are Defendant's Motion to Reconsider, Motion for a New Trial, Motion for Arrest of Judgment, and Motion for Acquittal.

A motion for judgment of acquittal should only be granted if there is insufficient evidence to sustain the conviction. *See United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (*O'Hara*). The evidence is viewed in the light most favorable to the prosecution, and a conviction will only be overturned if the record contains no evidence on which a rational jury could have returned a guilty verdict. *See O'Hara*, 301 F.3d at 569-70.

A court may grant a motion for a new trial "if the interests of justice so require." *See* Fed. R. Crim. P. 33. The decision to grant such a motion is within the sound discretion of the trial court. *See United States v. Reed*, 875 F.2d 107, 113 (7th Cir. 1989) (*Reed*). A new trial is in the interest

of justice where "the substantial rights of the defendant have been jeopardized by errors or omissions during trial." *United States v. Kuziar*, 881 F.2d 466, 470 (7th Cir. 1989). In making this analysis, the court may not re-weigh the evidence and set aside a verdict because the court feels that some other result would be more reasonable. "The evidence must preponderate heavily against a verdict, such that it would be a miscarriage of justice to let the verdict stand." Such motions are granted "sparingly and with caution, doing so only in those really 'exceptional cases.'" *Reed*, 875 F.3d at 113, *quoting United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985).

Partee presents seven arguments in support of his motions. Five of these arguments relate to the sufficiency of the evidence of Partee's guilt. Partee argues that:(1) the Government failed to prove him guilty of the charges beyond a reasonable doubt, (2) the finding of guilty was against the weight of the evidence, (3) the Government failed to prove every material allegation beyond a reasonable doubt, (4) the Court erred in overruling Partee's Motion for Acquittal at the close of the Government's case, and (5) the Court's finding was based on evidentiary facts which did not exclude every reasonable hypothesis consistent with the innocence of Partee.

Based on the evidence at trial, as fully set forth in the Court's September 7, 2005 Opinion and Order's Findings of Fact, a rational trier of fact could have found that Partee was guilty of violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

Partee also argues that the t erred in allowing the admission of the tape and transcript of a conversation occurring on June 24, 2003. The admissibility of the tape and transcript of the June 24, 2003 conversation was fully addressed by the Court at the time of trial. The Court did not err in allowing the evidence.

Lastly, Partee argues that the Court erred finding that the issue of crack versus cocaine to be an issue for sentencing and not for trial. The Court's September 7, 2005 Opinion and Order fully sets out the Court's analysis of this issue. The Court finds no error in its ruling.

For the foregoing reasons, Defendant's Motion to Reconsider, Motion for a New Trial, Motion for Arrest of Judgment, and Motion for Acquittal are denied.

Dated: January 19, 2006

JOHN W. DARRAH
United States District Court Judge