

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No: 03 CR 725 |
| | ) | |
| MICHAEL PARTEE | ) | Judge John W. Darrah |

## SUPPLEMENTAL OPINION AND ORDER

Defendant, Michael Partee, was charged in a two-count indictment with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and distribution of a controlled substance in excess of five grams of substances and mixtures containing cocaine base, commonly known as crack cocaine, 21 U.S.C. § 841(a)(1). The parties waived the right to a jury trial, and a bench trial was commenced.

On September 7, 2005, Defendant was convicted of both counts, 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1). In the Court's September 7, 2005 Opinion and Order, the Court found that the Government had proven, beyond a reasonable doubt, that Defendant was guilty of 21 U.S.C. § 841(a)(1), distribution of a controlled substance. Implicit in that finding was the Court's finding that the Government did not prove the controlled substance with which Defendant was charged with distributing was crack cocaine. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000) (any facts, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in the indictment and submitted to the trier of fact for determination under the beyond-a-reasonable-doubt standard).

"All crack is cocaine base but not all cocaine base is crack." *United States v. Edwards*, 397 F.3d 570, 577 (7th Cir. 2005) (*Edwards*). "[F]or purposes of the enhanced penalties in the Guidelines *and* the statutes 'cocaine base' means 'crack cocaine.'" *Edwards*, 250 F.3d at 572 (citing

*United States v. Booker*, 70 F.3d 488, 489-90 (7th Cir. 1995)). This construction is consistent with the "overriding Congressional concern" to provide for harsher penalties due to the alarming rise in the use of crack associated with the easier and "safer" means of using sodium bicarbonate to manufacture crack cocaine. *See Booker*, 70 F.3d at 491-94; *Edwards*, 397 F.3d at 573-75. Therefore, "crack cocaine" is determined to be "the street name for another form of freebase cocaine, produced by mixing cocaine hydrochloride with baking soda and water, boiling the mixture until only a solid substance is left, and allowing it to dry, resulting in a rocklike substance." *Edwards*, 397 F.3d at 574.[1]

At trial, Alcohol, Tobacco, Firearms and Explosives ("ATF") Agent Labno testified that he believed that the substance was crack because it appeared to be a rocky, chunky, off-white substance versus a more powdery substance. ATF Agent Mask testified that the substance "looked to be crack" because it was a "rock substance, off-white in color." ATF Agent Grainer also testified that in a post-arrest conversation he had with Defendant, Defendant, for the first and only time of record, referred to it as "crack."

The substance was admitted into evidence. The substance, which was in the shape of a small brick, was hard and grey in color. Moreover, the parties stipulated that the laboratory testing results of the substance "tested positive for the presence of cocaine base"; but the substance "was not tested for purity or for the presence of other substances."

Based on the above evidence, the Government failed to prove beyond a reasonable doubt that the controlled substance Defendant was distributing was crack cocaine. The Court's

---

[1] Recently, the Government has had the substance re-analyzed, which purportedly detected the presence of sodium bicarbonate. By separate order, the Court has barred the admission of this test result at the time of sentencing.

2

September 7, 2005 Opinion and Order is supplemented to expressly include the finding that the Government failed to prove beyond a reasonable doubt that the substance Defendant was found to be distributing was crack cocaine.

Dated: March 30, 2006

JOHN W. DARRAH
United States District Court Judge