UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 03 CR 725 |
| | ) | |
| MICHAEL PARTEE | ) | Judge John W. Darrah |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Defendant, Michael Partee, was charged in a two-count indictment with unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and distribution of a controlled substance in excess of five grams of substances and mixtures containing cocaine base, commonly known as crack cocaine, 21 U.S.C. § 841(a)(1). The parties waived the right to a jury trial, and a bench trial was commenced on May 3, 2005.

This matter now comes before the Court following the presentation of evidence. The Court has considered the evidence, including the testimony of witnesses and exhibits. The Court, in weighing the testimony of the witnesses, has considered: (1) the witnesses' intelligence; (2) the witnesses' memories; (3) the witnesses' abilities and opportunities to observe; (4) the witnesses' manners while testifying; (5) any interest, bias, or prejudice of the witnesses; and (6) the reasonableness of the witnesses' testimony when considered in light of all the evidence in the case.

Pursuant to Federal Rule of Criminal Procedure 23, the Court hereby enters the following findings of fact based upon consideration of all the admissible evidence as well as the Court's determination of the credibility of the trial witnesses. For the following reasons, the Government has proven, beyond a reasonable doubt, that Defendant is guilty of violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

## FINDINGS OF FACT

Christopher Labno, a special agent with Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), conducted an investigation of Defendant as part of his Chicago Group Two firearms and narcotics trafficking assignment.

On June 24, 2003, Agent Labno and Special Agent Sara Coglin were working with a confidential informant. On that date, Defendant met with the confidential informant in the confidential informant's vehicle near the corner of Perry and 111th Place, Chicago, Illinois. Defendant and the confidential informant discussed the proposed trade of firearms, a Mac pistol and two 9 mm Beretta pistols, for cocaine.

On June 26, 2003, Agent Labno, the confidential informant, several other ATF agents, and agents from the Chicago Police Department were involved in the further investigation of Defendant. The confidential informant received a cardboard box containing three firearms – a Mac pistol and two 9 mm Beretta pistols. The firearms were placed in the trunk of the confidential informant's vehicle, which had been previously searched.

At a parking lot at 115th and Halsted Streets, the confidential informant and Special Agent Vernon Mask, an undercover agent, were parked in the confidential informant's vehicle. Agent Labno and other law enforcement personnel were also parked in the same parking lot.

2

Defendant arrived at the parking lot and had a conversation with the confidential informant. Defendant then moved his vehicle near the confidential informant's vehicle. Defendant and the confidential informant discussed moving the firearms to Defendant's vehicle. Defendant told the confidential informant that he had an "onion." Defendant handed a small package to the confidential informant, who handed the package to Agent Mask. Defendant again moved his vehicle and then took the box of weapons from the confidential informant's vehicle's trunk and placed them in his vehicle.

After the exchange of guns for drugs, Defendant was placed in custody. The cardboard box of firearms was retrieved from Defendant's vehicle. Agent Labno also recovered approximately an ounce of an off-white rocky substance wrapped in a small plastic bag. Based on Agents Labno's and Mask's education and experience, crack cocaine is a rocky, chunky, off-white substance. A street term used to refer to an ounce of narcotics is an "onion." The terms "crack" and "rock" were not used in either the June 24th or 26th conversations between Defendant and the confidential informant. Agent Labno's report defined an onion as "an ounce of cocaine."

The parties stipulated to the following facts. The substance in the small package retrieved on June 26, 2003, tested positive for the presence of cocaine base, a Schedule II Controlled Substance, with a net weight of 22.6 grams. The substance was not tested for purity or for the presence of other substances. The two 9mm Beretta pistols were manufactured in Brescia, Italy, and distributed in the United States by Beretta U.S.A. Corporation, located in Accokeek, Maryland. The Mac pistol was manufactured in Avondale, Georgia. On June 26, 2003, Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

## ANALYSIS

Section 922(g)(1) of Title 18 of the United States Code states:

> It shall be unlawful for any person --
> (1) who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year;
> to ship or transport in interstate or foreign commerce, or possess in
>
> or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

This offense encompasses two elements which the Government must prove beyond a reasonable doubt: (1) that Defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year and (2) that Defendant knowingly possessed a firearm in or affecting interstate or foreign commerce. *See United States v. Mitchell*, 299 F.3d 632, 633 (7th Cir. 2002). Based on the above findings, the Court further finds these elements have been proven beyond a reasonable doubt.

Section 841(a)(1) of Title 21 of the United States Code states, in pertinent part:

> It shall be unlawful for any person knowingly or intentionally –
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance . . . .

21 U.S.C. § 841(a)(1).

This encompasses three elements which the Government must prove beyond a reasonable doubt: (1) that Defendant knowingly or intentionally possessed the drug, (2) that Defendant possessed the drug with intent to distribute, and (3) that Defendant had knowledge that the drug was

a controlled substance. *See United States v. Harris*, 325 F.3d 865, 868 (7th Cir. 2003) (*Harris*). Based on the above findings, the Court further finds these elements have been proven beyond a reasonable doubt.

The Government and Defendant presented argument and written briefs as to whether the controlled substance Defendant intended to distribute was cocaine base or crack cocaine. The stipulated evidence demonstrates that the substance was a controlled substance – a Schedule II Controlled Substance. While the Indictment alleges "a controlled substance, namely, in excess of five grams of a mixture and substance containing cocaine base, commonly known as 'crack' cocaine," the factual allegation that the controlled substance was "crack" need not be proven beyond a reasonable doubt to sustain a conviction under Section 841(a)(1). *See Harris*, 325 F.3d at 868 (element includes knowledge that the drug was a *controlled substance*); *United States v. Smith*, 230 F.2d 300, 305 (7th Cir. 2000) (indictment is sufficient if it states all the elements of the crime); *Brandom v. United States*, 431 F.2d 1391, 1397 (7th Cir. 1970) ("it is unnecessary for the prosecution to prove beyond a reasonable doubt evert factual allegation set out in the indictment").

The determination of whether the controlled substance was crack or cocaine base is relevant to penalties under 18 U.S.C. § 841(b), *see United States v. Edwards*, 397 F.3d 570, 577 (7th Cir. 2005); *United States v. Earnest*, 129 F.3d 906, 916-17 (7th Cir. 1997), but not for purposes of a conviction under 21 U.S.C. § 841(a)(1).

## CONCLUSION

For the foregoing reasons, the Government has proven, beyond a reasonable doubt, that

Defendant is guilty of violating 18 U.S.C. § 922(g)(1) and 21 U.S.C. § 841(a)(1).

Dated: _September 7, 2005_

_____
JOHN W. DARRAH
United States District Judge